In the Matter of JULIA H. EGAN, an Alleged Lunatic.

THE LONG ISLAND HOME and JAMES EGAN, Appellants; JULIA H. EGAN, Respondent.

*Insanity — an order of commitment without notice may, because of a suppression of facts, be vacated at a Special Term held by the judge granting it.*

A justice of the Supreme Court who, under sections 61 and 62 of the Insanity Law (Chap. 545, Laws of 1896), has granted an order adjudging a person to be insane and committing her to an asylum, without notice to the alleged lunatic, may vacate such order and discharge the person so committed upon it being made to appear, at a Special Term presided over by him, that on the application for the commitment material facts were suppressed which, if disclosed, would have made it improper for him to dispense with personal service of notice of the application upon the alleged lunatic.

APPEAL by The Long Island Home and James Egan from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of November, 1898, vacating an order which adjudged Julia H. Egan to be insane, and committed her to The Long Island Home, and discharging the said Julia H. Egan from the custody of the said home.

*John B. Gleason*, for the appellants.

*T. M. Tyng*, for the respondent.

INGRAHAM, J.:

Upon the petition of one James Egan, the husband of Julia H. Egan, an alleged lunatic, and upon the certificate of two physicians, Mr. Justice COHEN dispensed with the personal service of notice of the application upon the alleged lunatic and committed her to the Long Island Home, an institution for the custody and treatment of the insane. Subsequently, upon a writ of habeas corpus, the alleged lunatic was brought before the Special Term of the Supreme Court presided over by Mr. Justice COHEN, and after hearing counsel for the alleged lunatic and counsel for the institution in which she was detained, who was also counsel for the petitioner upon whose application she was committed, an order of the Special Term was entered discharging the said Julia H. Egan from the custody of the said Long Island Home and vacating the order whereby the said Julia H. Egan was adjudged to be insane

and committed to the said institution. From this order an appeal was taken by the Long Island Home and James Egan, upon whose application the alleged lunatic was committed. We think the justice who made the order committing the respondent to the said home had the power to vacate his order and discharge the person so committed. The order was made without notice to the person committed, and the justice stated that material facts had been suppressed in the application before him which would have rendered it improper for him to dispense with the personal service of notice of the application upon the alleged lunatic. The proceeding having been *ex parte*, the justice had the power to vacate his order of commitment; and that order of commitment being vacated, the person committed was entitled to be discharged from the institution. The proceeding for the commitment of a person alleged to be a lunatic is regulated by sections 61 and 62 of the Insanity Law (Chap. 545, Laws of 1896). There is nothing in these sections that could be construed as limiting the power of a judge who had been induced to commit a person to an asylum as an alleged lunatic from vacating the order of commitment if it should be made to appear to him that the same was improvidently or improperly granted. Under section 62 of the act notice of an application for a commitment is required to be served personally upon the person alleged to be insane. The judge to whom the application is made, however, may dispense with such personal service; or may direct substituted service to be made upon some person to be designated by him. If such an order dispensing with personal service upon the alleged lunatic is made, and the justice to whom the application has been made should subsequently be satisfied that such an order should not have been granted, he certainly has a right to vacate such order dispensing with service upon the alleged lunatic of notice of the application, and that order having been vacated the commitment was irregular without notice and the alleged lunatic was entitled to a discharge. If, then, the parties applying for such a commitment wish to proceed they can give the notice required by the statute when the mental condition of the party proceeded against can be inquired into. The justice not only had the power, but it was his duty, in a proceeding which involved the detention of an individual in a lunatic asylum, to see to it that such a proceeding should

not be used in an oppressive manner or for any ulterior object. Under ordinary circumstances such a commitment should not be made without notice to the person proceeded against and without an opportunity for such person to be heard upon the application.   It can only be in a case where the judge is satisfied that the condition of the alleged lunatic is such that the service of the notice or the delay would cause substantial injury to the lunatic or others that a judge is justified in making this order dispensing with notice of the application ; and certainly where such an order has been improvidently made it is the duty of the judge promptly to vacate his order, leaving the parties to proceed upon notice as required by the statute.

We think the order was right and it is affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., BARRETT and McLAUGHLIN, JJ., concurred; PATTERSON, J., concurred in result.

Order affirmed, with ten dollars costs and disbursements.